**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD LAWRENCE, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| ARCONIC CORPORATION, FREDERICK A. | ) **FEDERAL SECURITIES LAWS** |
| HENDERSON, WILLIAM F. AUSTEN, | ) |
| CHRISTOPHER L. AYERS, MARGARET S. | ) **JURY TRIAL DEMANDED** |
| BILLSON, JACQUES CROISETIERE, | ) |
| ELMER L. DOTY, CAROL S. EICHER, | ) |
| ELLIS A. JONES, TIMOTHY D. MYERS, E. | ) |
| STANLEY O'NEAL, and JEFFREY STAFEIL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Arconic Corporation ("Arconic" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of funds managed by affiliates of Apollo Global Management, Inc. ("Apollo").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction." In addition, an affiliate of Irenic Capital Management LP ("Irenic") will also be

2. On May 4, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Arsenal AIC Parent LLC ("Parent") and Parent's wholly owned subsidiary Arsenal AIC MergeCo Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive $30.00 in cash for each share of Arconic common stock owned.

3. The Company's corporate directors subsequently authorized the June 16, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

a minority investor.

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for July 25, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Arconic common stock.

10. Defendant Arconic is a Delaware corporation with its principal executive offices located at 201 Isabella Street, Suite 400, Pittsburgh, Pennsylvania 15212. Arconic's shares trade on the New York Stock Exchange under the ticker symbol "ARNC." Arconic manufactures aluminum sheet, plate, extrusions and architectural products and systems, serving primarily the ground transportation, aerospace, building and construction, industrial and packaging end markets. The Company has 20 primary manufacturing facilities, as well as various sales and service facilities located across North America, Europe, the United Kingdom and China. The Company manages its business operations through three reportable segments: Rolled Products, Building and Construction Systems ("BCS") and Extrusions. The Rolled

Products segment produces a range of aluminum sheet and plate products for a variety of end markets.  The BCS segment manufactures differentiated products and building envelope solutions, including entrances, curtain walls, windows composite panel and coil coated sheet.  The Extrusions segment produces a range of extruded products, including automotive shapes, seamless tube, hollows, mortar fins, and high strength rod and bar.

11. Defendant Frederick A. Henderson is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant William F. Austen is and has been a director of the Company at all times relevant hereto.

13. Defendant Christopher L. Ayers is and has been a director of the Company at all times relevant hereto.

14. Defendant Margaret S. Billson is and has been a director of the Company at all times relevant hereto.

15. Defendant Jacques Croisetiere is and has been a director of the Company at all times relevant hereto.

16. Defendant Elmer L. Doty is and has been a director of the Company at all times relevant hereto and previously served as President and Chief Operating Officer of Arconic Inc. from February to August 2019 prior to the Company's separation from Arconic Inc. on April 1, 2020.

17. Defendant Carol S. Eicher is and has been a director of the Company at all times relevant hereto.

18. Defendant Ellis A. Jones is and has been a director of the Company at all times relevant hereto.

19. Defendant Timothy D. Myers has been Chief Executive Officer and a director of the Company at all times relevant hereto.

20. Defendant E. Stanley O'Neal is and has been a director of the Company at all times relevant hereto.

21. Defendant Jeffrey Stafeil is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

23. **SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

24. On May 4, 2023, the Company announced in relevant part:

PITTSBURGH--(BUSINESS WIRE)--May 4, 2023--Arconic Corporation (NYSE: ARNC) ("Arconic" or the "Company") announced today that it has entered into a definitive agreement to be acquired by funds managed by affiliates of Apollo Global Management, Inc. (NYSE: APO) ("Apollo"), in an all-cash transaction that values the Company at an enterprise value of approximately $5.2 billion. The transaction includes a minority investment from funds managed by affiliates of Irenic Capital Management ("Irenic").

The agreement provides that Arconic shareholders will receive $30.00 per share in cash, which represents a premium of approximately 36% to the Company's undisturbed closing stock price on February 27, 2023. Upon completion of the transaction, Arconic's shares will no longer trade on the New York Stock Exchange, and Arconic will become a private company.

"This transaction represents a realization of value for Arconic shareholders at a meaningful premium and enables the Company to execute its long-term strategic vision. We are pleased to reach this agreement with Apollo," said Fritz Henderson, Chairman of the Arconic Board of Directors. "The Board decided to approve this transaction after thorough and thoughtful review of a range of value creation opportunities for shareholders."

Tim Myers, Chief Executive Officer, said, "In the more than three years since we became a standalone company, we have shown the capabilities and potential

5

of Arconic's employees and assets. Our unique product portfolio in an industry with significant potential for growth across the markets we serve positions us to deliver substantial value to our customers and the end users of our products. This transaction will provide Arconic with the backing of one of the world's premier investment firms and will allow us to leverage Apollo's industry expertise and relationships to pursue our long-term strategic goals. I look forward to working with their team to create opportunities for our employees and provide value to our customers."

"Arconic's talented management team and employees operate a set of premier global assets serving markets that are growing. We are committed to investing significant capital in the Company to secure its competitive position and world-class product offering to continue building on Arconic's journey," said Gareth Turner, Partner at Apollo Global Management.

Strategic investments are expected to include:

1. Upgrades to key machine centers to maximize the full potential of the Company's unique production capabilities

2. Technology upgrades to bring the Company's plants and process controls to state-of-the-art standards

3. Investments in projects that will provide for a cleaner environment in the communities in which the Company operates

Mr. Turner also commented, "As aluminum continues to win share in markets seeking sustainable, high-performing material across a wide variety of applications, we believe there is a strong runway for growth in markets throughout the world. We are looking forward to supporting Arconic's experienced team with our resources and knowledge in the sector to help the Company achieve its long-term goals."

Itai Wallach, Partner at Apollo, commented, "We have tremendous respect for Arconic and its people and are fully committed to continuing Arconic's unwavering support for its employees throughout the world through a strong culture of employee engagement, respecting and protecting the collective bargaining process and by focusing on strengthening the security of the Company's pension plans, such that the Company's commitments remain secure. We look forward to partnering with the Company in its next phase of growth."

**Approvals and Timing**

The transaction is expected to close in the second half of 2023, subject to customary closing conditions, including approval by Arconic shareholders and receipt of regulatory approvals.

**Arconic First Quarter 2023 Results**

In a separate press release issued today, Arconic announced its financial results for the first quarter ended March 31, 2023. A copy of that press release is accessible by visiting the Investor Relations section of the Company's website. In light of the announced transaction, Arconic has cancelled the earnings conference call previously scheduled for today.

**Advisors**

Evercore Group L.L.C. and Goldman Sachs & Co. LLC are serving as financial advisors to Arconic, and Wachtell, Lipton, Rosen & Katz is serving as legal counsel to Arconic.

Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as legal counsel to the Apollo Funds.

Willkie Farr & Gallagher LLP and Lowenstein Sandler LLP are serving as legal counsel to Irenic.

J.P. Morgan Securities LLC and Wells Fargo Securities, LLC are acting as co-lead financial advisors to Apollo. BMO Capital Markets, Mizuho Securities USA LLC and TD Securities are also serving as financial advisors to Apollo.

**The Materially Incomplete and Misleading Proxy Statement**

25. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on June 16, 2023  The Proxy Statement, which recommends that Arconic stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Arconic's financial forecasts; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and Evercore Group L.L.C. ("Evercore"); and (c) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company*

26. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the NOL carryforwards prepared by Company management and relied upon by Goldman Sachs and Evercore for their financial analyses.[3]

27. Additionally, with respect to each of the Company's April 2022 Projections, Scenario A Projections, Scenario B Projections, Scenario C Projections, and April 2023 Projections, the Proxy Statement fails to disclose the line items underlying the calculation of the Company's: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Goldman Sachs' and Evercore's Financial Analyses*

28. The Proxy Statement fails to disclose material information concerning Goldman Sachs' financial analyses.

29. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the terminal year estimate of Arconic's next twelve month EBITDA used to calculate the terminal values for the Company; () the Company's terminal values; (c) the Company's net debt including U.S. net pension liabilities and accrued post-retirement benefits liabilities on an after-tax basis; (d) the net present value of the cash flows from certain capital expenditures assumed to occur on a one-time basis in the terminal year; and (e) the Company's fully diluted outstanding shares.

30. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the Company's net debt

---

[3] *See* Proxy Statement at 47 and 52.

including U.S. net pension liabilities and accrued post-retirement benefits liabilities on an after-tax basis for each of fiscal years 2023 and 2024; and (b) the projected year-end number of fully diluted outstanding shares of Arconic common stock for each of fiscal years 2023 and 2024.

31. With respect to the *Selected Transactions Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the individual financial metrics for each of the transactions analyzed; (b) the Company's LTM adjusted EBITDA as of March 31, 2023; and (c) the Company's net debt including U.S. net pension liabilities and accrued post-retirement benefits liabilities on an after-tax basis, as of March 31, 2023.

32. The Proxy Statement also fails to disclose material information concerning Evercore's financial analyses.

33. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) Arconic's Adjusted EBITDA in the terminal period and terminal period estimate of Unlevered Free Cash Flow, used to calculate the Company's terminal values; (b) the Company's terminal values; (c) the Company's net debt as of March 31, 2023; (d) the Company's estimated U.S. pension and other post-employment benefits; and (e) the Company's fully diluted outstanding shares .

34. With respect to the *Selected Public Company Trading Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the companies analyzed; (b) the Company's net debt as of March 31, 2023; and (c) the Company's estimated U.S. pension and other post-employment benefits.

35. With respect to the *Equity Research Analyst Price Targets* analysis performed by Evercore, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

36. With respect to the *Illustrative Present Value of Future Share Price* analysis performed by Evercore, the Proxy Statement fails to disclose: (a) Company's net debt, U.S. pension and other post-employment benefits underfunded liabilities tax-effected at 31.1%, as of December 31, 2023, and December 31, 2024; and (b) the Company's fully diluted shares outstanding.

37. With respect to the *Selected Transactions Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the identities of the transactions analyzed; (b) the individual multiples and financial metrics for each transaction; (c) the Company's net debt as of March 31, 2023; and (d) the Company's estimated U.S. pension and other post-employment benefits.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

38. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Apollo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

39. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

40. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Goldman Sachs & Co. LLC," "Opinion of Evercore Group L.L.C.," "Interests of Arconic's Executive Officers and Directors in the

Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

41. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Arconic**

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Arconic is liable as the issuer of these statements.

44. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Arconic within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Arconic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

54. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons

13

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 2, 2023        **LONG LAW, LLC**

              By: */s/ Brian D. Long*
                 Brian D. Long (#4347)
                 3828 Kennett Pike, Suite 208
                 Wilmington, DE 19807
                 Telephone: (302) 729-9100
                 Email: BDLong@LongLawDE.com

                 *Attorneys for Plaintiff*